UNITED STATES DISTRICT COURT
SOUTER DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TIFFANY BROWN,<br>    Plaintiff, | Case No. 1:19-cv-574<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| TOTAL QUALITY LOGISTICS, LLC.,<br>    Defendant. | ORDER AND REPORT AND<br>RECOMMENDATION |

Proceeding pro se, plaintiff Tiffany Brown brings this breach of contract action against defendant Total Quality Logistics ("TQL"). This matter is before the Court on defendant's motion for judgment on the pleadings, or alternatively motion to dismiss (Doc. 5),[1] plaintiff's response in opposition (Doc. 7), and defendant's reply memorandum (Doc. 12). This matter is also before the Court on two of plaintiff's motions to receive service by email through the electronic case filing system (Docs. 2, 8) and plaintiff's motion to access the electronic case filing system (Doc. 9).

**I. Facts**

Plaintiff filed her complaint in this Court on July 15, 2019. (Doc. 1). In her complaint, plaintiff alleges the following:

> Plaintiff's company, Tribute Contracting LLC, used the Defendant's services on October 2017 for deliveries [sic] their substantial government contract. Plaintiff has signed a contract with Defendant. The first shipment arrived on time with the first supplier. The first shipment for 2nd supplier was one day late. This shipment caused the contract to be cancelled by the government agency. This has caused substantial financial damages to my client as the total value of the contract was $155 million. There has also been significant reputational damage that [h]as affected my client's ability to conduct business in the industry. Plaintiff's company received extremely negative press and is currently fighting an [sic] 7 year disbarment of irreputable harm personally as well professional[ly].

---

[1] The Court will apply the Rule 12(b)(6) motion to dismiss standard to defendant's motion. A motion for judgment on the pleadings is premature without an answer filed by defendant. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

(Doc. 1 at 4). Based on these facts, plaintiff brings a breach of contract claim against TQL for the late delivery.[2] Plaintiff states that she suffered $155 million in damages from the cancelled government contract, which she alleges was cancelled due to the late delivery. (*Id.*). Plaintiff attaches the following documents to her complaint: (1) a document from the Federal Emergency Management Agency ("FEMA") terminating Tribute's government contract due to late delivery of approved heater meals (Exhibit A), (2) an email between plaintiff and a TQL representative about the late delivery (Exhibit B), (3) a shipper/broker transportation agreement between Tribute and TQL (Exhibit C), and (4) a record showing that both plaintiff and Tribute are disbarred from receiving government contracts (Exhibit D). (Doc. 1-1).

## II. TQL's Motion to Dismiss (Doc. 5)

### A. Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] In her memorandum in opposition to defendant's motion to dismiss, plaintiff states that her claim is for breach of contract. (Doc. 7 at 1).

The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g.*, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B. Resolution**

Defendant moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for three reasons. First, defendant argues that plaintiff fails to state a valid claim for relief against TQL because there is no privity of contract between plaintiff, Tiffany Brown, and TQL. (Doc. 5 at 5-7). Second, defendant argues that any potential claims arising out of Tribute's relationship with TQL are compulsory counterclaims that plaintiff failed to litigate in a prior state court lawsuit and is therefore barred from asserting in this case. (*Id.* at 7-9). Third, defendant contends that under the Carmack Amendment, claims for late delivery, loss, or damage to cargo must be pursued against the motor carrier and not TQL since it is a freight broker. (*Id.* at 9-11).

As an initial matter, Ohio law governs plaintiff's claim for breach of contract in this diversity action. *See Equitable Life Assur., Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998) (in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law that would apply if the action had been brought in a state court of the jurisdiction where the federal court is located) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). To maintain a cause of action for breach of contract, Ohio law requires privity of contract. In Ohio, "privity of contract between parties . . . is a fundamental prerequisite to

bringing suit for the breach of a contract." *Mark-It Place Foods, Inc. v. New Plan Excel Realty Tr.*, 804 N.E.2d 979, 990 (Ohio Ct. App. 2004). *See also Cincinnati, H. & D. R. Co. v. Metro. Nat. Bank*, 42 N.E. 700 (Ohio 1896). Ohio does not recognize any remedy or action in contract for two parties that lack privity. *See Mahalsky v. Salem Tool Co.*, 461 F.2d. 581, 584 (6th Cir. 1972).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court primarily considers the allegations in the complaint but may also consider exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Here, Exhibit C of plaintiff's complaint shows the existence of a shipper/broker transportation agreement between Tribute and TQL for TQL to provide brokerage services for transportation of Tribute's freight. (Doc. 1-1 at 7-13). Plaintiff's company—not plaintiff herself—is a party to the contract at issue. Although plaintiff signed the agreement (Doc. 1-1 at 13), she did so in her capacity as the owner of Tribute. The Court therefore agrees with defendant that the contract attached to the complaint shows that there is no privity of contract between plaintiff and TQL.

In her brief in opposition, plaintiff argues that "Tribute Contracting LLC, is a single member LLC, so the persona of Tribute Contracting LLC and Plaintiff are intertwined." (Doc. 7 at 4). This argument is unavailing. "[A] corporation is a distinct legal entity, separate and apart from the natural individuals who formed and own it." *Chafflose Corp. v. 3 M Innovation*, No. 1:10-cv-2178, 2010 WL 4318872, at *1 (N.D. Ohio Oct. 27, 2010) (citations omitted). A corporation is a separate legal entity from its shareholders, even where the corporation has only one shareholder. *Springfield v. Palco Invest. Co., Inc.*, 992 N.E.2d 1194, 1211 (Ohio Ct. App. 2013). "Because a corporation is a separate entity from its directors and officers, causes of action belonging to the corporation may not be litigated by the officers for their own benefit."

*Chafflose Corp.*, 2010 WL 4318872, at *1. In her capacity as the owner of Tribute, plaintiff has no standing to bring a cause of action against TQL for breach of contract. Moreover, plaintiff's argument that she is a third-party beneficiary to the contract between Tribute and TQL is equally unavailing. Under Ohio law, a third-party may recover damages from a contract only when the third-party is the intended beneficiary of the contract. *G.R.P.L. Ents. Inc. v. Sethi*, No. 09 MA 205, 2010 WL 5550680, at *2 (Ohio Ct. App. Dec. 16, 2010). To be an intended third-party beneficiary, the contract "must have been entered into directly or primarily for the benefit of that person." *Id.* (internal citation omitted). Given that a corporation is a separate legal entity from its owners, "a party is not considered a third-party beneficiary merely because [s]he is a shareholder of one of the contracting parties." *Id.* at *3. As the owner of Tribute, plaintiff is therefore not an intended third-party beneficiary to the contract between Tribute and TQL.

In sum, plaintiff cannot maintain this action against TQL because no privity of contract exists between plaintiff, as the owner of Tribute, and TQL. While Tribute may bring a breach of action against TQL under its corporate identity, plaintiff has no standing to bring such a claim on behalf of Tribute. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (no one other than a licensed attorney can represent a corporation in federal court). Therefore, defendant's motion to dismiss (Doc. 5) should be granted.[3]

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

---

[3] The Court declines to consider defendant's second and third grounds for dismissal—that plaintiff failed to assert a compulsory counterclaim in state court and that plaintiff's claims must be pursued against the motor carrier under the Carmack Amendment. The facts of plaintiff's complaint and the attachments thereto clearly show that there is no privity of contract between plaintiff and TQL such that plaintiff cannot maintain a breach of contract claim against TQL.

1. Defendant's motion to dismiss (Doc. 5) be **GRANTED** and this case be **CLOSED** on the docket of this Court.

It is **ORDERED** that:

1. Plaintiff's motions to receive service by email through the electronic case filing system (Docs. 2, 8) are **DENIED** as **MOOT**.

2. Plaintiff's motion to access the electronic case filing system (Doc. 9) is **DENIED** as **MOOT**.

Date: 3/18/2020    *s/Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TIFFANY BROWN,<br>　　Plaintiff,<br><br>vs.<br><br>TOTAL QUALITY LOGISTICS, LLC,<br>　　Defendant. | Case No. 1:19-cv-574<br>McFarland, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).