IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TIFFANY BROWN, | : | Case No. 1:19-cv-574 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| Defendant. | : | |

---

ORDER DENYING MOTION TO REOPEN CASE (Doc. 20) & DENYING AS MOOT
MOTION FOR PERMISION FOR ELECTRONIC FILING (Doc. 22)

---

Two years ago, pro se Plaintiff Tiffany Brown filed a lawsuit against Defendant Total Quality Logistics. TQL responded by filing a motion for judgment on the pleadings (Doc. 5), to which Plaintiff filed a response in opposition (Doc. 7). Magistrate Judge Karen L. Litkovitz, whom the case was referred pursuant to 28 U.S.C. § 636(b), issued a report and recommendation that Plaintiff's complaint failed to state a claim upon which relief could be granted. (*See* Doc. 14.) On April 27, 2020, the undersigned adopted the Magistrate Judge's report and recommendation, granted TQL's motion for judgment on the pleadings, and closed the case. (Doc. 15.) Now, more than a year later, Plaintiff seeks to have the case reopened. (*See* Motion to Reopen Case, Doc. 20.)

"There is a deeply embedded judicial and legislative policy in favor of keeping final judgments final." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017) (Sutton, J.) (*citing Ackermann v. United States*, 340 U.S. 193,

198 (1950)). There is, however, a limited exception to this policy. Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for one of "six discrete" reasons. *Id.* While Plaintiff fails to cite Rule 60(b), her argument implicates two such reasons: "excusable neglect" and "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1) & (6). Neither reason, however, justifies reopening this case.

First, any motion under Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A motion under Rule 60(b)(1) for "excusable neglect," however, must be made "no more than a year after the entry of the judgment . . ." *Id.* Here, the Court entered its final judgment on April 27, 2020. But Plaintiff's motion to reopen wasn't filed until June 22, 2021—well over a year later. Her excusable neglect argument is thus precluded as untimely under Rule 60(c)(1). *See, e.g., Cummings*, 865 F.3d at 847.

That leaves Plaintiff's second argument, which the Court will imply as being brought under Rule 60(b)(6)—"any other reason that justifies relief." *Id.* Under Rule 60(b)(6), the moving party must demonstrate: "(1) lack of prejudice to the non-moving party, (2) a meritorious defense, and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co.*, 479 F. App'x 684, 693 (6th Cir. 2012). However, this rule only applies in "exceptional or extraordinary circumstances," or, stated differently, "unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (cleaned up) (emphasis in original).

No such "unusual and extreme" circumstances exist here. TQL moved for judgment on the pleadings. Plaintiff responded—but lost on the merits. The Court

found that her case could not continue under Ohio law since there was no privity of contract between her and TQL. Judgment was granted in TQL's favor and the case was closed. There was no "injustice," as Plaintiff contends, and there was nothing "exceptional or extraordinary" about it. The other side simply prevailed.

Plaintiff also fails to demonstrate any meritorious defenses or a lack of prejudice to TQL. Instead, she simply argues that the case should be reopened because (1) the global COVID-19 pandemic; and (2) she "did not receive notice" (of what, precisely, she does not say) and was "waiting on [an] answer about motion of continuous" as well as "the fact [that] there was no answer for the initial complaint." (Doc. 2). As to the second point, Plaintiff never filed a motion for a continuance. And it doesn't follow logically to wait for an answer on a motion that was never filed. Moreover, TQL indeed filed an "answer [to her] initial complaint," it just came in the form of a dispositive motion. Plaintiff clearly knew about it, as she subsequently filed a response in opposition. And while it is unfortunate that Plaintiff got sick and was recovering from COVID-19, the Court fails to see how that had any impact on this case since TQL's motion for judgment on the pleadings was fully briefed and decided on the merits.

Accordingly, Plaintiff's Motion to Reopen the Case (Doc. 20) is **DENIED**. Furthermore, Plaintiff's Motion for Permission for Electronic Case Filing (Doc. 22) is also therefore **DENIED AS MOOT**.

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND